IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DOUGLAS JAMES GOSNELL, | CV 15-00153-M-DLC-JCL |
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| CHRIS STROMMEN, FOUR UNKNOWN MISSOULA COUNTY JAIL EMPLOYEES, MARSHALS SERVICE, OFFICIAL CAPACITY,[1] | |
| Defendants. | |

Plaintiff Douglas Gosnell, a federal prisoner appearing without counsel,
filed a Complaint on November 30, 2015.  (Doc. 1).  Pursuant to the federal statute
governing proceedings in forma pauperis, the Court conducted a preliminary
screening of Gosnell's Complaint to assess the merits of his claims.  28 U.S.C. §§
1915, 1915A.  The Court found that the Complaint failed to state a claim upon
which relief could be granted because Gosnell had not named an individual
defendant and he had not alleged compliance with the exhaustion requirements of
the Federal Tort Claims Act (FTCA).  Gosnell was given an opportunity to file an

---

[1]The case caption has been amended to reflect the Defendants named in the
Amended Complaint.  (Doc. 18.)

1

amended complaint.  (Doc. 17).

The Amended Complaint was filed on May 2, 2016.  (Doc. 18.)  The Court will now complete the screening process mandated by 28 U.S.C. §§ 1915, 1915A to determine whether any portion of the Amended Complaint is "frivolous," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune."  28 U.S.C. § 1915(e)(2)(B).

## I.     BACKGROUND

In February 2015, Gosnell was transported by Deputy U.S. Marshal Chris Strommen from the Anaconda-Deer Lodge County Jail to the Missoula County Detention Facility (MCDF) for a court hearing on Gosnell's then-pending federal criminal charges.[2]  Gosnell alleges that during this trip he informed Defendant Strommen that he "would not be safe" at MCDF because he "had a problem with the officers there back in 2008, and they said they would get [him]."  (Amd. Compl., Doc. 18 at 4.)

Gosnell was again transported to the MCDF on August 10, 2015.  He alleges that, while in booking and not in the presence of Defendant Strommen, he was thrown from his wheelchair and beaten by four unknown John Doe booking

---

[2]According to the docket in Gosnell's criminal case, Gosnell had an initial appearance and arraignment on February 18, 2016.  *U.S. v. Gosnell*, Criminal Action No. 15-cr. 09-BV-DLC, Doc. 8.

guards.  His eyeglasses were allegedly broken as a result of this beating.  Gosnell states that he informed Defendant Strommen about the incident the next day and Strommen stated he would review the camera video and speak with the guards. Gosnell alleges that he asked MCDF and Defendant Strommen for forms to document the alleged beating but was denied access to administrative remedies. (Amd. Compl., Doc. 18 at 5.)

Gosnell was again transported by Defendant Strommen from Crossroads Correctional Center to the MCDF on December 5, 2015.  While there, Gosnell alleges an unknown guard in the booking area punched him in the eye while he was sitting in his wheelchair.  (Amd. Compl., Doc. 18 at 5.)

As a result of these two alleged beatings, Gosnell states he suffered a concussion, aggravation of pre-existing back and left leg injuries, mental and emotional stress, and the loss of his $249 eyeglasses.  (Amd. Compl., Doc. 18 at 8.)

Lastly, Gosnell alleges that "on or about 2016" Defendant Strommen and the Marshals Service lost his wheelchair and legal papers when he was transported without these items.  (Amd. Compl., Doc. 18 at 7.)  He alleges the "Marshals Service" threw away his papers for this lawsuit once they realized it involved the Marshals Service.  (Amd. Compl., Doc. 18 at 7.)

In the Amended Complaint, Gosnell names the following Defendants:  U.S. Deputy Marshal Chris Strommen, four MCDF John Doe booking guards, and the U.S. Marshals Service.

## II.    DISCUSSION

For the reasons stated below, all of Gosnell's claims—except one of his Fifth Amendment failure-to-protect claim against Defendant Stronmmen—should be dismissed.  Defendant Strommen will be required to file a responsive pleading to Gosnell's failure to protect claim arising from the incident at MCDF on December 5, 2015.

### A.    U.S. Marshals Service

Before a federal court can exercise jurisdiction over a claim against the United States, there must be both the existence of a federal question under 28 U.S.C. § 1331 and a waiver of sovereign immunity by the United States.  *North Side Lumber Co. v. Block*, 753 F.2d 1482, 1484 & n. 3 (9th Cir.), *cert. denied*, 474 U.S. 919 (1985).  There is a limited waiver of sovereign immunity under the FTCA.  Before a limited waiver of sovereign immunity is granted under the FTCA, the plain language of 28 U.S.C. § 2675 instructs courts that,

> [a]n action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in

4

writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a).  Therefore, this Court does not have jurisdiction over Gosnell's FTCA claim against the Marshals Service unless:  (1) he has presented his claim to the appropriate Federal agency; and (2) his claim has been finally denied by the agency in writing and sent by certified or registered mail.  *Id.*

Despite notice by this Court that he would need to demonstrate compliance with the FTCA's exhaustion requirement in his amended pleading (Order dated April 6, 2016, Doc. 17), Gosnell failed to provide any indication that he has done so.  Outside of Gosnell's mere request to obtain grievance forms from both MCDF and Defendant Strommen after his alleged beating, Gosnell alleges no facts that he has presented his claim to the Marshals Service or that he received a final denial of any administrative claim made to the Marshals Service.  Gosnell has not met the plain language of 28 U.S.C. § 2675 to grant this Court jurisdiction over his claim against the Marshals Service.  As such, all claims against the Marshals Service should be dismissed for failure to exhaust administrative remedies pursuant to 28 U.S.C. § 2675(a).

5

### B.    Four Unknown John Doe Booking Guards

Gosnell names as defendants four unknown MCDF booking officers whom he alleges assaulted him on August 10 and December 5, 2015.  (Amd. Compl., Doc. 18  at 6.)  Liberally, construing his Amended Complaint, Gosnell alleges the following claims under 42 U.S.C. § 1983 against these Doe defendants:  (1) Fourteenth Amendment equal protection violation; (2) First Amendment denial of access to courts; (3) Fourth Amendment violation against unreasonable search and seizure; and (4) Fifth Amendment denial of due process.

Gosnell alleges no facts supporting an equal protection claim, a denial of access to courts claim, or a Fourth and Fifth Amendment claim against these Doe defendants.  (Amd. Compl., Doc. 18  at 6.)  As such, those claims should be dismissed.

The Court liberally construes the Amended Complaint as presenting a Fourteenth Amendment excessive use of force claim against the Doe defendants for allegedly assaulting Gosnell in August and December 2015.  It is not necessary at this time, however, to evaluate the merits of this claim because Gosnell has not properly identified these individuals.  The use of Doe defendants in federal court is not favored.  *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).  But Gosnell should be afforded the opportunity through discovery to identify the

6

unknown defendants.  *Id.*  Should Gosnell learn the identities of parties he wishes to serve, he must timely move pursuant to Rule 15 of the Federal Rules of Civil Procedure and in accordance with the Fed.R.Civ.P. 16 Scheduling Order that will be entered, to file a second amended complaint to add the identified parties as defendants.  *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1197–98 (9th Cir. 2003).

Since Gosnell has not identified the Missoula County officers involved in the alleged assaults, the Court recommends that these defendants be dismissed without prejudice.  Gosnell may file a second amended complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure and request service of these Doe defendants if he is able to identify them at a later date.

## C.    Defendant Chris Strommen

Gosnell brings the following claims against Defendant Strommen:  First Amendment denial of access to courts; Fifth Amendment denial of due process; Fourteenth Amendment equal protection violation; and Fourth Amendment violation against unreasonable search and seizure.  All claims against Defendant Strommen are construed under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)(providing for a judicially-created cause of action for damages arising out of constitutional violations by federal officers).

7

### 1.    First Amendment Denial of Access to Courts Claim

Prisoners have a fundamental constitutional right of access to the courts, although the right has not been rooted in any particular amendment. *Bounds v. Smith*, 97 S. Ct. 1491, 1494 (U.S. 1977); *Lewis v. Casey*, 518 U.S. 343, 366 (1996)(Thomas, J. concurring).  The Court  liberally construes Gosnell's allegation that the "Marshals Service"[3] threw away his legal papers as against Defendant Strommen.  (Amd. Compl. Doc. 18 at 4, 7.)  Construing the claim as such, however, it should be dismissed because Gosnell failed to allege an actual injury.

In its prior Order, the Court instructed Gosnell that any denial of access to the courts claim brought in his Amended Complaint must allege an "actual injury." (Doc. 17).  The requisite showing of actual injury here is rooted in the doctrines of standing and separation of powers.  *Lewis*, 518 U.S. at 348.  An actual injury is one that hinders the plaintiff's ability to pursue a legal claim; therefore, a prisoner bringing a denial of access to courts claim must plead "one step further" than the alleged wrongful conduct and demonstrate that such conduct has hindered his

---

[3] Gosnell's Amended Complaint states a "First Amendment, attempted denial of access to the court(s)" claim under the heading "Count I"  (claims against Defendant Strommen). (Amd. Compl., Doc. 18  at 4.)  However, the facts to support this claim are not included until the heading "Count III" (claims against the U.S. Marshals Service).  (Amd. Compl., Doc. 18  at 7.)

ability to pursue a legal claim.   *Id.* at 351.

Gosnell has not alleged he suffered an actual injury.  Nor has he alleged his ability to pursue his legal claims was hindered by Defendant Strommen's alleged conduct.  In fact, Gosnell successfully filed his original and Amended Complaint with the Court.  Gosnell's denial of access to courts claim against Defendant Strommen should be dismissed for failure to state a claim because he failed to allege an actual injury,

## 2.    Fourth and Fifth Amendment Claims

Gosnell advances Fourth and Fifth Amendment claims for the alleged loss of his wheelchair and legal papers during transport.  The claim is correctly analyzed as a Fifth Amendment procedural due process right and as such, it should be dismissed.

The Due Process Clause of the Fifth Amendment provides that no person shall be deprived of property without due process of law.  U.S. Const. amend. V. Prisoners have a protected interest in their personal property.  *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974).  In a procedural due process claim, it is not the deprivation of life, liberty, or property itself that is unconstitutional.  *Zinermon v. Burch*, 494 U.S. 113, 125 (1990).  Rather, the unconstitutional conduct is the deprivation of those interests without due process of the law.  *Id.*  Therefore, the

actionable unconstitutional conduct "is not complete unless and until the government fails to provide due process." *Id.* at 126. Thus, a court must consider what process the government provided or must provide and whether that process is constitutionally adequate. *Id.*

The adequacy of procedural due process afforded to a plaintiff deprived of his property is determined based upon the nature of the loss. Depending on the nature of the loss, procedural due process must come in the form of a pre-deprivation hearing or a post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435–36 (1982). If a plaintiff is to be deprived of his property pursuant to an established government policy, he is entitled to pre-deprivation due process in the form of notice and an opportunity to be heard. *Zimmerman Brush Co.*, 455 U.S. at 435–36. However, if the government is not in a practicable position to provide pre-deprivation due process—such as when the necessity for quick action by the government arises or when a government employee deprives a plaintiff of his property intentionally and without authorization—a court must determine whether an adequate post-deprivation remedy is available. *Parratt v. Taylor*, 451 U.S. 527, 539 (1981), overruled on other grounds in *Daniels v. Williams*, 474 U.S. 327, 330–31 (1986); *Hudson*, 468 U.S. at 533. If an adequate post-deprivation remedy

10

is available under these circumstances, the requirements of the Due Process Clause have been satisfied. *Hudson*, 468 U.S. at 533.

Gosnell would only be entitled to pre-deprivation due process if he was deprived of his property pursuant to an established government policy. Here there is no allegation that any Marshals Service policy for the handling of prisoner property fell below the standard required by the Due Process Clause. Even if there was, any claim Gosnell against the Marshals Service should be dismissed for failure to exhaust his administrative remedies pursuant to the plain language of the FTCA. *See supra* Part II(A). As such, Gosnell cannot state a claim that his right to pre-deprivation due process has been violated.

Since Gosnell does not state a pre-deprivation due process claim against the Marshals Service, any remaining due process claim must look to Defendant Strommen's conduct and the existence of a post-deprivation remedy. *Hudson*, 468 U.S. at 533. If Defendant Strommen's alleged intentional conduct was unauthorized and deprived Gosnell of his property, the Court must determine whether the Due Process Clause is satisfied by an adequate post-deprivation remedy that was available to Gosnell. *Id.* at 534.

Here, Gosnell does not allege that Defendant Strommen deprived him of his property through intentional, unauthorized conduct. (Amd. Compl., Doc. 18 at

11

4–5, 7.)  Further, assuming Gosnell had alleged that he was deprived of his property through the intentional, unauthorized conduct of Defendant Strommen, an adequate post-deprivation remedy was available to Gosnell.  *See* 31 U.S.C. § 3724.  Gosnell could have filed, but has not alleged he did, a 31 U.S.C. § 3724 administrative claim with the Attorney General for the loss of his property.  Under § 3724, the Attorney General may settle such claims up to $50,000—an amount more than adequate to compensate Gosnell for the loss he alleges.  Therefore, Gosnell had an adequate post-deprivation remedy available that satisfied his procedural due process right.  For this reason, Gosnell's Fifth Amendment procedural due process claim fails as a matter of law.

### 3.      Fourteenth Amendment Claim—Equal Protection

Gosnell's Fourteenth Amendment equal protection claim against Defendant Strommen should be dismissed for failure to state a claim.  The Equal Protection Clause requires the government to treat similarly situated people alike.  *City of Cleburne, TX. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).  To plead an equal protection claim, a plaintiff must demonstrate: (1) the government has made a classification; and (2) any classification is not supported by a sufficient justification.  *Coalition for Econ. Eq. v. Wilson*, 122 F.3d 692, 702 (9th Cir. 1997).  Therefore, if a complaint fails to allege that the government has made a

12

classification, any equal protection claim brought will fail to state claim.

Gosnell has not alleged facts upon which this Court could infer a classification has been made nor has Gosnell stated that he has been treated differently than other similarly situated persons based upon that classification. As such, any equal protection claim against Defendant Strommen should be dismissed for failure to state a claim.

### 4.    Fifth Amendment—Failure-to-Protect

With regard to the two alleged beatings by Missoula County Officers, Gosnell purports to advance a Fourth Amendment claim for violation of his right to be secure in his person. (Amd. Compl., Doc. 18 at 4.) Because Defendant Strommen is a federal employee, the Court liberally construes Gosnell's allegations as presenting a Fifth Amendment failure-to-protect claim against Defendant Strommen. The elements of a pretrial detainee's Fifth Amendment failure-to-protect claim against an individual officer are:

(1)    The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;

(2)    Those conditions put the plaintiff at substantial risk of suffering serious harm;

(3)    The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and

(4)    By not taking such measures, the defendant caused the plaintiff's

injuries.

*Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016).  The third

element is an objective standard.  *Id.; see also Kingsley v. Hendrickson*, 135 S. Ct.

2466, 2473 (2015).  As such, the reasonableness of the actions taken turns on the

facts and circumstance of each particular case, taking into account what the officer

knew at the time.  *Kingsley*, 135 S. Ct. at 2473.

Gosnell alleges he was assaulted in August 2015, but he does not allege

sufficient facts to find that Defendant Strommen placed him at MCDF knowing he

faced a substantial risk of harm.  Although Gosnell expressed concern for his

safety in February 2015, he does not allege he suffered any harm during that

period of incarceration.  Consequently, he has not sufficiently alleged Defendant

Strommen placed Gosnell at MCDF knowing there was a substantial risk he would

suffer serious harm.  Thus, Gosnell fails to state a claim with regard to the August

2015 incarceration at MCDF.

Gosnell also advances a failure to protect claim with regard to his placement

at MCDF in December 2015 by Defendant Strommen.  Gosnell alleges he told

Defendant Strommen he was not safe at MCDF in February 2015 and that he had

been assaulted there in August 2015.  Liberally construed, Gosnell sufficiently

alleges Defendant Strommen placed him at a substantial risk of suffering serious

14

harm by not taking reasonable measures to abate that risk.  Thus, he has stated a Fifth Amendment failure-to-protect claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of* Narcotics, 403 U.S. 388 (1971) with regard to the December 5, 2015 alleged assault.  Defendant Strommen will be required to respond to this claim.  Gosnell's allegations regarding his incarceration in the MCDF in February and August 2015 fail to state a claim and should be dismissed.

## III.   CONCLUSION

The Court has considered whether Gosnell's claims are frivolous, malicious, fails to state a claim, or seeks solely monetary relief from a defendant who is immune.  *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b).  It has also considered whether Gosnell has a reasonable opportunity to prevail on the merits.  *See* 42 U.S.C. § 1997e(g).  Dismissal of Gosnell's Fifth Amendment failure to protect claim against Defendant Strommen with regard to the December 5, 2015 assault is not appropriate at this time.  *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that plaintiff has a

15

"reasonable opportunity to prevail on the merits," Defendant is required to respond). Defendant Strommen will be required to respond to this claim.

Gosnell's claims against the Marshals Service should be dismissed for failure to exhaust administrative remedies under 28 U.S.C. § 2675(a). Gosnell's Fourteenth Amendment excessive use of force claim against the four Doe defendants should be dismissed without prejudice but Gosnell may amend his pleadings should he later discover the identities of the four Doe defendants. Gosnell's denial of access to courts, Fifth Amendment denial of due process, and Fourteenth Amendment equal protection claims against Defendant Strommen should be dismissed.

Based upon the foregoing, the Court issues the following:

**ORDER**

1. Pursuant to Fed. R. Civ. P. 4(d), the Court will request Defendant Strommen to waive service of summons of Gosnell's Amended Complaint by executing, or having counsel execute, the Waiver of Service of Summons. The Waiver must be returned to the Court within **thirty (30) days of the entry date of this Order as reflected on the Notice of Electronic Filing**. If Defendant Strommen chooses to return the Waiver of Service of Summons, his answer or appropriate motion will be due within **60 days of the entry date of this Order as**

**reflected on the Notice of Electronic Filing**, pursuant to Fed. R. Civ. P. 12(a)(1)(B).  *See also* 42 U.S.C. § 1997e(g)(2).

2.  The Clerk of Court mail the following documents to Deputy United States Marshal Chris Strommen:

\*      Complaint (Doc. 1);

\*      Order dated April 6, 2016 (Doc. 17);

\*      this Order;

\*      a Notice of Lawsuit & Request to Waive Service of Summons; and

\*      a Waiver of Service of Summons.

3.  Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11.  If a party wishes to give the Court information, such information must be presented in the form of a notice.  The Court will not consider requests made or information presented in letter form.

4.  Gosnell <u>shall not</u> make any motion for default until at least seventy (70) days after the date of this Order.

5.  Pursuant to Local 26.1(d) "no party may begin discovery until a

scheduling order has been issued."

6.  The Clerk of Court is directed to add Defendants Chris Strommen and Four Unknown Missoula County Jail Employees as Defendants in the docket.

7.  At all times during the pendency of this action, Gosnell must immediately advise the Court and opposing counsel of any change of address and its effective date.  Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

1.  Gosnell's claims against the Marshals Service should be dismissed for failure to exhaust administrative remedies under 28 U.S.C. § 2675(a).

2.  Gosnell's Fourteenth Amendment excessive use of force claim against the four Doe defendants should be dismissed without prejudice.

3.  Gosnell's denial of access to courts, Fifth Amendment denial of due process, and Fourteenth Amendment equal protection claims against Defendant Strommen should be dismissed.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Gosnell may file objections to these Findings and Recommendations

within fourteen (14) days after service (mailing) hereof.[4]  28 U.S.C. § 636.  Failure

to timely file written objections may bar a de novo determination by the district

judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of

Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed

until entry of the District Court's final judgment.

DATED this 21st day of December, 2016.


_/s/ Jeremiah C. Lynch_____
Jeremiah C. Lynch
United States Magistrate Judge

---

[4]As this deadline allows a party to act after the Findings and
Recommendations is "served," it falls under Fed.R.Civ.P. 6(d).  Therefore, three
(3) days are added after the period would otherwise expire.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DOUGLAS JAMES GOSNELL, | CV 15-00153-M-DLC-JCL |
| Plaintiff, | |
| vs. | Rule 4 Notice of a Lawsuit and Request to Waive Service of Summons |
| U.S. MARSHALS DEP., | |
| Defendant. | |

TO:   Chris Stommen
United States Marshals Service
201 East Broadway, Suite 220
Missoula, MT 59802

A lawsuit has been filed against you in this Court under the number shown above.  A copy of the Amended Complaint is attached.

This is not a summons or an official notice from the court.  It is a request that, to avoid the cost of service by the U.S. Marshal's Service, you waive formal service of a summons by signing and returning the enclosed waiver.  To avoid these expenses, you must file the signed waiver within 30 days from the date shown below, which is the date this notice was sent.

If you file the signed waiver, the action will then proceed as if you were served on the date the waiver is filed, but no summons will be served on you and

1

you will have 60 days from the date this notice is sent (see the date below) to

answer the Amended Complaint.

If you do not return the signed waiver within the time indicated, the Court

will order the U.S. Marshals Service to serve the summons and Amended

Complaint on you and may impose the full costs of such service.

Please read the statement below about the duty to avoid unnecessary

expenses.

DATED this 21st day of December, 2016.

    */s/ Jeremiah C. Lynch*
    Jeremiah C. Lynch
    United States Magistrate Judge

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DOUGLAS JAMES GOSNELL, | CV 15-00153-M-DLC-JCL |
| Plaintiff, | |
| vs. | Rule 4 Waiver of the Service of Summons |
| U.S. MARSHALS DEP., | |
| Defendant. | |

TO:   The U.S. District Court for the District of Montana

The following Defendant acknowledges receipt of your request to waive service of summons in this case.  Defendant also received a copy of the Amended Complaint.  I am authorized by the following Defendant to agree to save the cost of service of a summons and an additional copy of the Amended Complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____;  _____;

The above-named Defendant understands that he will keep all defenses or objections to the lawsuit, the Court's jurisdiction, and the venue of the action, but waive any objections to the absence of a summons or of service.

Defendant also understands that he must file and serve an answer or a

1

motion under Rule 12 within 60 days from the date when the Request for Waiver of Service of Summons was filed and if they fail to so default judgment will be entered against them.

Date: _____

_____
(Signature of the attorney
or unrepresented party)

_____
(Printed name)

_____
(Address)

_____
(E-mail address)

_____
(Telephone number)