# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

| | |
|---|---|
| DOUGLAS JAMES GOSNELL, | |
| Plaintiff, | CV-15-153-M-BMM |
| vs. | |
| CHRIS STROMMEN, FOUR UNKNOWN MISSOULA COUNTY JAIL EMPLOYEES, MARSHALS SERVICE, OFFICIAL CAPACITY, | **ORDER** |
| Defendants. | |

Plaintiff Douglas Gosnell (Gosnell) is a federal prisoner proceeding *pro se*. Gosnell filed an Amended Complaint on May 2, 2016. The named defendants are: the United States Marshals Service; Deputy United States Marshal Chris Strommen (Deputy Strommen); and four unknown John Doe Missoula County jail employees. (Doc. 18 at 1).

Gosnell alleges unlawful activities by the Defendants on three separate occasions. Gosnell alleges that the John Doe defendants assaulted him at the

Missoula County Detention Facility (MCDF) on August 10, 2015, while he was incarcerated there. (Doc. 18 at 5-6). Gosnell alleges that he suffered injuries and broken eye glasses during the assault. *Id*. Second, Gosnell alleges that one of the John Doe defendants punched him in the eye on December 5, 2015. (Doc. 18 at 6). Third, Gosnell alleges that while being transported to MCDF "on or about 2016," the United States Marshals Service lost his wheelchair and the United States Marshals Service and Deputy Strommen lost his legal papers. (Doc. 18 at 7).

Gosnell asserts a claim against the United States Marshals Service under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671-80, based on the loss of his wheelchair and legal papers. Gosnell asserts claims against the John Doe defendants under 42 U.S.C. § 1983. Gosnell alleges the John Does defendants violated his constitutional rights under the Fourteenth Amendment to the United States Constitution by using excessive force against him on August 10, 2015, and on December 5, 2015. Gosnell asserts claims against Deputy Strommen under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Gosnell alleges that Deputy Strommen violated his rights under the First, Fifth and Fourteenth Amendments to the United States Constitution by losing his legal papers on or about 2016, and by failing to action to protect him from the assaults by the John Doe defendants on August 10, 2015, and December 5, 2015.

Judge Lynch conducted a preliminary screening of the Amended Complaint to determine whether any portion of the Amended Complaint was frivolous or failed to state a claim upon which relief may be granted. Judge Lynch entered Findings and Recommendations in this matter on December 21, 2016. (Doc. 19).

Judge Lynch recommended that this Court dismiss all of the claims against the United States Marshals Service because Gosnell had failed to exhaust his administrative remedies as required under 28 U.S.C. § 2675(a). (Doc. 19 at 16). Judge Lynch recommended that this Court dismiss all of the claims against the John Doe defendants without prejudice, subject to the condition that Gosnell may re-file the claims should he discover the identities of the John Doe defendants in the future. Judge Lynch further recommended that this Court dismiss all of the claims against Deputy Strommen for failure to state a claim, except for one of the Fifth Amendment "failure to protect" claims. (Doc. 19 at 16).

Gosnell filed objections to Judge Lynch's Findings and Recommendations on January 3, 2017. (Doc. 20). The Court reviews *de novo* findings and recommendations to which objections are made. 28 U.S.C. § 636(b)(1). The Court has reviewed *de novo* Judge Lynch's Findings and Recommendations. The Court finds no error in Judge Lynch's Findings and Recommendations, and adopts them in full.

### A. Claims Against United States Marshals Service

Gosnell asserts claims against the United States Marshals Service under the FTCA. A claimant must exhaust his administrative remedies before filing a FTCA claim against the United States. *See Jerves v. United States*, 966 F.2d 517, 518-19 (9th Cir. 1992). The claim must be presented to the appropriate federal agency, and the claim must be denied by the agency. 28 U.S.C. § 2675(a). This administrative exhaustion requirement is jurisdictional. *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000). The exhaustion requirement "must be strictly adhered to." *Id*.

Judge Lynch informed Gosnell on April 6, 2016, that his original Complaint was inadequate because he had failed to allege compliance with the FTCA's exhaustion requirement. (Doc. 17 at 3). Judge Lynch gave Gosnell an opportunity to cure the deficiency in his Complaint by filing an Amended Complaint. (Doc. 17 at 9). Gosnell's Amended Complaint did not cure the deficiency described by Judge Lynch. The Amended Complaint provides no indication that Gosnell has complied with the exhaustion requirements of the FTCA. This Court therefore lacks jurisdiction over Gosnell's claim against the United States Marshals Service. Gosnell's claims against the United States Marshals Service will be dismissed for failure to exhaust administrative remedies under 28 U.S.C. § 2675(a).

### B. Claims Against the John Doe Defendants

Gosnell's Amended Complaint, construed liberally, asserts a Fourteenth Amendment excessive use of force claim against the John Doe defendants based upon the assaults that allegedly occurred on August 10, 2015, and on December 5, 2015, at MCDF. The use of John Doe defendants is generally not favored in federal court. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). The claims against the John Doe defendants will be dismissed without prejudice. Gosnell will be afforded an opportunity, however, to identify the unknown defendants through discovery. *Id*. Should Gosnell learn the identities of the John Doe defendants in the future, he may file a Second Amended Complaint to add the identified persons as defendants.

### C. Claims Against Deputy Strommen

Gosnell asserts the following claims against Deputy Strommen: 1) a First Amendment denial of access to court claim; 2) a Fifth Amendment denial of procedural due process claim; 3) a Fourteenth Amendment equal protection claim; and 4) a Fifth Amendment failure to protect claim.

#### 1. First Amendment Denial of Access to Court Claim

Gosnell alleges that Deputy Strommen denied him access to court in contravention of the First Amendment by losing his legal papers while he was being transported to MCDF on or about 2016. Judge Lynch has recommended that the

claim be dismissed because Gosnell has failed to allege an actual injury. (Doc. 19 at 8).

When a prisoner asserts a denial of access to court claim he must allege that the defendant caused him "actual injury." *Lewis v. Casey*, 518 U.S. 343, 348 (1996). An actual injury exists only if the defendant's conduct has hindered the prisoner's ability to pursue his legal claims. *Id*. at 351.

Gosnell has not alleged, in his Amended Complaint, that he has suffered an actual injury. Gosnell has not alleged that Deputy Strommen has hindered his ability to purse his legal claims. Gosnell has filed successfully an original Complaint and an Amended Complaint. Gosnell's First Amendment claim will be dismissed for failure to allege actual injury.

### 2. Fifth Amendment Due Process Claim

Gosnell alleges that Deputy Strommen violated his right to procedural due process in contravention of the Fifth Amendment by losing his legal papers on or about 2016.

Prisoners have a protected interest in their personal property. *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). The Due Process Clause of the Fifth Amendment provides that no person shall be deprived of property without due process of the law. U.S. Const. Amend 5. A claim for failing to provide procedural

due process does not accrue until the government "fails to provide due process." *Zinermon v. Burch*, 494 U.S. 113, 126 (1990).

Here, Gosnell has an adequate post-deprivation remedy. Gosnell may file an administrative claim with the Attorney General for the loss of his property. *See* 31 U.S.C. § 3724(a). The Attorney General may settle a property loss claim up to $50,000, an amount more than adequate to compensate Gosnell for the loss he alleges. *Id*. Given that Gosnell has an adequate post-deprivation remedy, his Fifth Amendment procedural due process claims fails as a matter of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

### 3. Fourteenth Amendment Equal Protection Claim

Gosnell alleges that Deputy Strommen violated his right to equal protection under the Fourteenth Amendment by failing to protect him from the alleged assaults by employees at MCDF on August 10, 2015, and on December 5, 2015.

The Equal Protection Clause requires the government to treat all persons similarly situated alike. *City of Cleburne, TX v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To plead a cognizable equal protection claim, a plaintiff must show: 1) that the government intentionally treated him differently than others similarly situated; and 2) that the government has no rational basis for the difference in treatment. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *North*

*Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008). Gosnell has failed to plead a cognizable equal protection claim. Gosnell has failed to allege that the government intentionally treated him differently than similarly situated persons. Gosnell's equal protection claim must be dismissed for failure to state a claim.

### 4. Fifth Amendment Failure to Protect Claims

Gosnell alleges that Deputy Strommen violated the Fifth Amendment by failing to protect him from assaults by employees at MCDF on August 10, 2015, and on December 5, 2015.

To plead a cognizable Fifth Amendment failure-to-protect claim, a prisoner must show:

1. The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;

2. Those conditions put the plaintiff at substantial risk of suffering serious harm;

3. The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved — making the consequences of the defendant's conduct obvious; and

4. By not taking such measures, the defendant caused the plaintiff's injuries.

*Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016). The third element requires a showing that the defendant's conduct was "objectively unreasonable." *Id.* The reasonableness of a defendant's actions necessarily turn "on the facts and circumstances of each particular case," taking into account what the defendant knew at the time. *Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2473 (2015).

### a. August 2015 Incarceration

Gosnell alleges that he was assaulted on August 10, 2015. Gosnell fails to allege, however, that Deputy Strommen placed him at MCDF in August 2015 knowing that he faced a substantial risk of harm. Gosnell had not suffered harm at MCDF before August 2015. Gosnell has failed to state a cognizable failure-to-protect claim based upon his incarceration at MCDF in August 2015.

### b. December 2015 Incarceration

Gosnell alleges a failure to protect claim against Deputy Strommen based on his incarceration at MCDF in December 2015. Gosnell alleges that he told Deputy Strommen in December 2015 that he would not be safe at MCDF because he had been assaulted there in August 2015. Gosnell's Amended Complaint, construed liberally, alleges a cognizable Fifth Amendment failure-to-protect claim against Deputy Strommen.

Accordingly, IT IS ORDERED:

1. Gosnell's claims against the United States Marshal's Service are DISMISSED for failure to exhaust administrative remedies under 28 U.S.C. § 2675(a).

2. Gosnell's Fourteenth Amendment excessive use of force claims against the John Doe defendants are DISMISSED without prejudice. Gosnell may amend his pleadings should he later discover the identities of the four John Doe defendants.

3. Gosnell's First Amendment denial of access to court claim against Defendant Strommen is DISMISSED.

4. Gosnell's Fifth Amendment due process claim against Defendant Strommen is DISMISSED.

5. Gosnell's Fourteenth Amendment equal protection claim against Defendant Strommen is DISMISSED.

6. Gosnell's Fifth Amendment failure to protect claim against Defendant Strommen based upon his incarceration at MCDF in August 2015 is DISMISSED. Gosnell's Fifth Amendment failure to protect claim against Defendant Strommen based upon his incarceration at MCDF in December 2015 is not dismissed.

DATED this 21st day of June, 2017.


_____
Brian Morris
United States District Court Judge