**FILED**

DEC 1 9 2017

Clerk, U.S. Courts
District Of Montana
Missoula Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DOUGLAS JAMES GOSNELL, | CV 15-00153-M-BMM-JCL |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| CHRIS STROMMEN,[1] | |
| Defendant. | |

Pending before the Court is Defendant Chris Strommen's Motion for Summary Judgment. (Doc. 41.) The only remaining claim in this matter is Gosnell's Fifth Amendment failure-to-protect claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) with regard to an alleged assault at the Missoula County Detention Facility (MCDF) in December 2015. The motion for summary judgment should be granted and this matter dismissed.

## I. LEGAL STANDARD

Summary judgment is appropriate when there are no genuine issues as to

---

[1]The case caption has been amended to reflect the dismissal of all Defendants except Defendant Strommen. (Doc. 39.)

1

any material facts and the movant is entitled to judgment as a matter of law.  Fed.

R. Civ. P. 56(a).  A genuine issue of fact is one in which the "evidence is such that

a reasonable jury could return a verdict for the nonmoving party." *Guidroz-Brault*

*v. Mo. Pac. R.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001).  Judgment is required as a

matter of law if the moving party has satisfied their burden to demonstrate that

there is a lack of genuine issues as to any material facts.  *Horphag Research Ltd. v.*

*Garcia*, 475 F.3d 1029, 1035 (9th Cir. 2007).  Once satisfied, the burden shifts to

the non-moving party to set forth specific facts showing that a dispute remains for

trial.  *Id.*

Because Gosnell is proceeding pro se, the Court must construe his

documents liberally and give them "the benefit of any doubt" with respect to

Strommen's summary judgement motion.  *Frost v. Symington*, 197 F.3d 348, 352

(9th Cir. 1999); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## II.  UNDISPUTED FACTS

Plaintiff Douglas Gosnell is a former federal prisoner appearing without

counsel.[2]  In February 2015, Gosnell was transported from the Anaconda-Deer

---

[2]According to the Bureau of Prisons' website, Gosnell was released from custody on November 27, 2017.  https://www.bop.gov/inmateloc/ (accessed December 8, 2017).  On December 4, 2017, Gosnell filed a Notice of Change of Address indicating that he now resides in Helena, Montana.

2

Lodge County Jail to MCDF by Deputy U.S. Marshal Chris Strommen so Gosnell could attend his initial appearance and arraignment on a federal indictment pending against him at the Missoula Division of this Court.  Gosnell alleged that during this trip he informed Strommen that he "would not be safe" at MCDF because he "had a problem with the officers there back in 2008, and they said they would get [him]."  (Amd. Compl., Doc. 18 at 4.)

Gosnell alleges that subsequently on August 10, 2015, while in a holding cell at MCDF, he was thrown from his wheelchair and beaten by four unknown officers at MCDF.  (Amd. Compl., Doc. 18 at 5.)  Strommen admits he transported Gosnell on August 11, 2015 from MCDF to federal court and then back to MCDF and that during the transports, Gosnell informed Strommen that four unknown booking guards assaulted him at MCDF the prior day.  (Statement of Undisputed Facts ("SUF"), Doc. 43 at ¶ 3.)  Gosnell also requested that Strommen review video footage from MCDF of the booking area at the time of the alleged assault. *Id.*  Gosnell did not show Strommen any injury that supported his claim that he was assaulted during his August 10, 2015 visit to MCDF and Strommen did not believe that Gosnell behaved in any manner that indicated he was injured. *Id.* at ¶ 4.

On August 11, 2015, after returning Gosnell to MCDF, and based on

3

Gosnell's statements and request, Strommen reviewed available video footage of the holding cell where Gosnell was held at MCDF on August 10, 2015.  (SUF at ¶ 5.)  Strommen saw no objectionable behavior by any booking guards or other MCDF personnel, and, after viewing the video footage, did not believe that Gosnell was at any risk of suffering substantial harm at MCDF.  (SUF at ¶¶ 6-7.)

During Strommen's employment as a Deputy U.S. Marshal in the U.S. Marshals Service, no prisoner in whose transportation Strommen participated, other than Gosnell, has complained that they were assaulted by booking guards at MCDF.  (SUF at ¶ 8).

Gosnell alleges he was again assaulted at MCDF on December 5, 2016. (Amd. Compl., Doc. 18 at 5.)  Strommen did not transport Gosnell at any time during Gosnell's December 2015 trip to Missoula.  (SUF at ¶ 9.)

## III. DISCUSSION

The only remaining claim is Gosnell's allegation that Defendant Strommen failed to protect him from the December 2015 beating.  Because Defendant Strommen is a federal employee, the Court liberally construes Gosnell's allegations as presenting a Fifth Amendment failure-to-protect claim against

4

Defendant Strommen.[3]  The elements of a pretrial detainee's Fifth Amendment

failure-to-protect claim against an individual officer are:

(1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;

(2) Those conditions put the plaintiff at substantial risk of suffering serious harm;

(3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and

(4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016).  The third

element is an objective standard.  *Id.; see also Kingsley v. Hendrickson*, 135 S. Ct.

2466, 2473 (2015).  As such, the reasonableness of the actions taken turns on the

facts and circumstance of each particular case, taking into account what the officer

knew at the time.  *Kingsley*, 135 S. Ct. at 2473.

Gosnell cannot satisfy these elements of his failure-to-protect claim against

Strommen.  First, Strommen did not ignore Gosnell's complaints of an assault in

August 2015.  He reviewed the video footage of the holding cell and saw no

objectionable behavior by any booking guards or other MCDF personnel and he

---

[3]Actions under § 1983 and those under Bivens are identical save for the replacement of a state actor under § 1983 by a federal actor under Bivens." *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).

did not believe that Gosnell was at risk of suffering substantial harm at MCDF.

(SUF at ¶¶ 6-7.)  Gosnell argues that the video plainly shows four MCDF officers

"manhandling" him.  (Doc. 49 at 4.)  But the Court has reviewed the video footage

of the holding cell in which Gosnell was held on August 10, 2015 and finds that

no reasonable jury could believe that Gosnell was at a substantial risk of suffering

serious harm at MCDF.  *See Scott v. Harris*, 550 U.S. 372, 380 (2007) (treating the

question of whether the force used was reasonable as an undisputed fact where

there was video footage of the incident and the respondent's version of events was

"so utterly discredited by the record that no reasonable jury could have believed

him.")  Gosnell argues that Strommen had a duty to report Gosnell's allegations in

August 2015 to his supervisor.  (Doc. 49 at 2.)  But since no objectionable

behavior was seen on the video, Strommen did not have a duty to make any such

report.

In addition, the last time Strommen transported Gosnell was on August 11,

2015.  He was not involved in the December 2015 transports of Gosnell.

Strommen took reasonable measures after Gosnell claimed he was assaulted

on August 10, 2015 to determine whether Gosnell faced a substantial risk of harm

at MCDF and he was not involved in the December 2015 transport of Gosnell.  As

such, he has satisfied his burden of demonstrating that there is no genuine issue as

6

to any material facts and he is entitled to summary judgment as a matter of law.

Gosnell responded to the motion raising a couple arguments regarding discovery.  First, he claims the motion for summary judgment was premature because of his "Motion for Defendant to Comply with Court Orders." (Doc. 49 citing Doc. 40.)  The Court, however, denied Gosnell's motion on October 11, 2017.  (Doc. 48.)  Gosnell also complained that it took almost two years to obtain the names of the MCDF officers involved in the August 10, 2015 incident.  But the identity of the MCDF officers has no bearing on Gosnell's claims against Strommen and Gosnell did not timely raise this issue in discovery prior to the filing of his response to the motion for summary judgment.

Gosnell also raises two issues which have no bearing on the merits of the pending motion specifically who is representing Strommen and whether Strommen got a court order to forcibly medicate Gosnell.

Gosnell failed to demonstrate a material issue of fact regarding whether he faced a substantial risk of harm by being placed at the MCDF and even if he did he failed to demonstrate a material issue of fact regarding whether Defendant Strommen was involved in his transfer to MCDF in December 2015 or was in any way deliberately indifferent to any such risk.

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

1.  Defendant's Motion for Summary Judgment (Doc. 41) should be GRANTED.

2.  The Clerk of Court should be directed to close the case and enter judgment in favor of Defendant pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  No reasonable person could suppose an appeal would have merit.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[4]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district

---

[4]Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Mr. Gosnell is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of
Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed
until entry of the District Court's final judgment.

DATED this 19th day of December, 2017.


Jeremiah C. Lynch
United States Magistrate Judge