# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

| | |
|---|---|
| DOUGLAS JAMES GOSNELL,<br><br>               Plaintiff,<br>vs.<br><br>CHRIS STROMMEN,<br><br>               Defendant. | CV-15-153-M-BMM<br><br>**ORDER** |

      Plaintiff Douglas Gosnell (Gosnell) is a former federal prisoner proceeding *pro se*. The only remaining claim in this matter is Gosnell's Fifth Amendment failure-to-protect claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Gosnell alleges that Deputy United States Marshal Chris Strommen (Deputy Strommen) violated his rights under the Fifth Amendment to the United States Constitution by failing to take action to protect him from an assault that allegedly occurred at the Missoula County Detention Center (MCDF) on December 5, 2015.

      Gosnell alleges that Deputy Strommen transported him to MCDF on December 5, 2015, from the Crossroads Correctional Center in Shelby, Montana. Gosnell alleges that an unknown booking officer at MCDF punched him in the eye shortly after Deputy Strommen had "left the booking area." (Doc. 18 at 5). Gosnell

contends that he possesses a viable failure-to-protect claim against Deputy Strommen because Deputy Strommen transported him to MCDF on December 5, 2015, knowing that four MCDF officers had assaulted him in his holding cell at MCDF on August 10, 2015.

Deputy Strommen filed a motion for summary judgment on October 2, 2017. United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendations on December 19, 2017. (Doc. 54). Judge Lynch recommended that this Court grant Deputy Strommen's motion for summary judgment. (Doc. 54 at 8). Judge Lynch determined that Deputy Strommen was entitled to summary judgment because the undisputed facts established that Gosnell could not satisfy the elements of a failure-to-protect claim. (Doc. 54 at 5-7). Gosnell did not file objections to Judge Lynch's Findings and Recommendations.

The Court has reviewed Judge Lynch's Findings and Recommendations for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The Court finds no error in Judge Lynch's Findings and Recommendations, and adopts them in full.

To prove a Fifth Amendment failure-to-protect claim, a prisoner must show:

> 1. The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;

> 2. Those conditions put the plaintiff at substantial risk of suffering serious harm;
>
> 3. The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved — making the consequences of the defendant's conduct obvious; and
>
> 4. By not taking such measures, the defendant caused the plaintiff's injuries.

*Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016).

The Court agrees with Judge Lynch that Gosnell's failure-to-protect claim fails as a matter of law. Deputy Strommen has submitted an Affidavit in which he attests that he did not transport Gosnell to MCDF in December 2015. (Doc. 44 at 2). Gosnell has produced no evidence to the contrary. Second, Judge Lynch has reviewed the surveillance video of the holding cell at MCDF where Gosnell was held on August 10, 2015. (*See* Doc. 54 at 6). The surveillance video contained no evidence of an assault against Gosnell by any MCDF officer. *Id*.

Accordingly, IT IS ORDERED:

1. Defendant's Motion for Summary Judgment (Doc. 41) is GRANTED.

2. This case is DISMISSED with prejudice.

3. Any appeal from this disposition would not be taken in good faith as Plaintiff's claims clearly lack merit.

4.  The Clerk is directed to enter judgment accordingly.

DATED this 24th day of January, 2018.

Brian Morris
United States District Court Judge